Robert G. Main, J.
In 1947, Herbert Doetsch, Sr., now deceased, was the owner of a certain parcel of land in the Town of Moreau, Saratoga County, New York.
By deeds dated September 30, 1947, May 1, 1951, July 3, 1956, April 16, 1960, January 12, 1962, and April 23, 1964, Herbert Doetsch, Sr., conveyed title to a number of lots from his parcel of land. One lot was sold to the plaintiffs Oscar C. Everts and Louise C. Everts, one lot was sold to the plaintiffs Earl F. Clark and Aurora Clark, and two lots were sold to Paul L. Waldon and Marion G. Waldon, predecessors in title of the plaintiffs, Louis Foro and Joan P. Foro. Two other lots were sold to persons not parties to this action.
The deeds to the various grantees all contained the following covenants and restrictions, among others:
‘11. That no structure, other than a single dwelling house not more than two and one-half stories high, with a garage and tool shed for use in connection therewith, shall be constructed or maintained upon said premises.
“ 2. That no manufacturing, mercantile or commercial business or business of any kind, including the business of conducting either a rooming house or boarding house, shall be allowed or carried on on said premises.
“ 4. That no house costing less than $10,000.00 shall be erected upon said lot, or any part thereof.
‘ ‘ 11. That no building or other structure shall be moved to or upon said premises from any other place.
“ All of the foregoing shall be deemed to run with the land, and be a perpetual restriction of the use of the premises hereby conveyed to the parties of the second part, or any person or persons claiming or deriving title thereof, or any part thereof under them.”
By deed September 30, 1968, Herbert Doetsch, Sr., conveyed title to his remaining property to the defendants, Herbert Doetsch, Jr., and Doris Doetsch. The deed of conveyance contained no covenants or restrictions.
*290 On or about March 17, 1969, the defendants, Herbert Doetsch, Jr., and Doris Doetsch were granted a permit by the Town of Moreau, County of Saratoga, New York, for the construction and operation of a mobile home park on the premises conveyed to them by Herbert Doetsch, Sr.
The plaintiffs have brought this action for a permanent injunction which would restrain the defendants from erecting and operating a mobile home park on the subject property. The plaintiffs also request a judgment imposing upon the subject property the same restrictions contained in their deeds.
If restrictive covenants in a deed are to be binding upon the remaining lands of the grantor, there must be a mutual covenant in the deed, a general plan showing uniformity of restrictions, or oral promises contemporaneously made by the grantor to the grantee of which any subsequent purchaser has either actual or constructive notice. Clear intent to establish restrictions must be evidenced in one of these three ways (Sweet v. Hollearn, 142 Misc. 408).
There is clearly no mutual covenant in any of the deeds to the grantees, so this court must decide if the restrictive covenants are to be otherwise imposed upon the subject property.
Upon the trial of this matter, Mr. Alfred J. Lanfear, a Senior Engineer in the Washington County Highway Department, testified that he prepared a survey in the summer of 1956 of the subject property at the request of Herbert Doetsch, Sr. It was the witness ’ testimony that Mr. Doetsch, Sr. was contemplating a sale of several lots.
Mr. Lanfear identified plaintiffs ’ Exhibit 11, which was offered and received into evidence, as his original working drawing comprising survey information on the Doetsch property. This drawing shows the Doetsch property divided into lots, with proposed streets. Mr. Lanfear identified plaintiffs ’ Exhibit 9, which was offered and received into evidence, as an advance print of the survey for the property, prepared at the request of Mr. Doetsch, Sr. This print also shows the Doetsch property divided into lots, with proposed streets. The completed survey was delivered to the Doetsch family in August of 1956.
In one of the two deeds from Herbert Doetsch, Sr. to Paul L. Waldon and Marion G-. Waldon, the deed being dated April 23, 1964, there is a recital: ‘1 Also granting to the party of the second part a right of way over a proposed street, fifty feet in width running from Town Highway No. 27 known as Bluebird Road and which right of way runs along the easterly side of the lot heretofore conveyed to said Paul L. Waldon and the easterly side of the lot herein conveyed to Paul L. Waldon.”
*291 The deed also recites: ‘ ‘ The property conveyed herein, is subject to the same covenants, conditions, agreements and restrictions which are set forth in the deed from Herbert Doetsch to Paul L. Waldon, dated July 3, 1956.”
Attorney, David W. White, who prepared this particular deed, testified that the grant of the right of way and the inclusion of the restrictions by reference to another deed, were included at the request of Mr. Dotesch, Sr.
Based upon inclusion of various identical restrictions in all the deeds by which Mr. Doetsch, Sr. conveyed title to lots out of his parcel of land, the employment of a surveyor to prepare a map showing proposed lots and streets, and the inclusion of the grant of a right of way over a proposed street in the deed to the Waldons, it is the opinion of this court that Mr. Herbert Doetsch, Sr. had a general plan of development for his property, and that he had the intent to impose uniform restrictions upon all the property. Accordingly, the restrictive covenants in the deeds to the various grantees should be imposed and binding upon the remaining lands of the grantor, now owned by Herbert Doetsch, Jr. and Doris Doetsch.
In addition to proof that Mr. Doetsch, Sr. had a general plan to impose uniform restrictions upon all of his property, the plaintiffs have offered proof that Mr. Doetsch, Sr. made oral prom-, ises to the grantees that all his land would be burdened by the restrictions contained in their deeds, and that Herbert Doetsch, Jr. and Doris Doetsch, had notice and knowledge of these promises.
The plaintiffs have offered as proof the transcript of testimony allegedly given by Herbert Doetsch, Sr. at an examination before trial. Mr. Doetsch, Sr. did not sign the transcript prior to his death. Other proof involves the testimony of various grantees of Mr. Doetsch, Sr., as to promises made by Mr. Doetsch, Sr. The defendants have objected to the introduction into the evidence of this proof offered by the plaintiffs.
Mrs. Antoinette Heber, a court reporter, testified that she took the testimony of Herbert Doetsch, Sr. on June 10, 1969, at a,n examination before trial, and caused the same to be transcribed. She identified plaintiffs ’ Exhibit “ 2 ” as a true and accurate transcript of the testimony of Mr. Herbert Doetsch, Sr. at the examination before trial. She further testified that she, as a notary public, heard the witness swear that he would testify to the best of his ability. Mrs. Heber then signed the transcript of the testimony in her capacity as the reporter who took the testimony.
*292 Mrs. Heber had no knowledge as to whether the minutes of the testimony were ever read to or by the deponent, since it was her procedure to mail the transcript to the respective attorneys after transcribing.
Mr. Lemery, one of the attorneys for the plaintiffs, testified that after the examination before trial, and on August 1, 1969, he forwarded a transcript of Mr. Doetsch’s, Sr. testimony to the attorneys for the defendants. Mr. Lemery made various written requests for a return of the minutes executed by Mr. Doetsch, Sr., on August 5, 1969, September 8, 1969, and March 19, 1970. On one occasion, Mr. Lemery spoke with one of the attorneys for the defendants who advised him that the original transcript of the testimony had been forwarded to Mr. Doetsch.
At the trial of this matter, the defendants were asked to produce the original minutes of the examination before trial. One of the attorneys for the defendants stated that they were not in his possession, that they were in the possession of Mr. Doetsch, Sr. at the time of his death, and could not be accounted for.
CPLR 3116 provides, in part: “ (a) Signing the deposition shall be submitted to the witness for examination and shall be read to or by him, and any changes in form or substance which the witness desires to make shall be entered at the end of the deposition with a statement of the reasons given by the witness for making them. The deposition shall then be signed by the witness before any officer authorized to administer an oath. If the witness fails to sign the deposition, the officer before whom the deposition was taken shall sign it and state on the record the fact of the witness ’ failure or refusal to sign, together with any reason given. The deposition may then be used as fully as though signed. ’ ’
The question presented by the offer of a copy of the minutes of the examination before trial is whether it was necessary for it to have been proven that the minutes were read to or by the witness.
In the case of Broome County Farmers' Fire Relief Assn. v. New York State Elec. & Gas Corp. (264 N. Y. 614) the plaintiffs moved to suppress the deposition of a witness on the ground that the deposition was never read to nor subscribed by the witness, as required. It appears that the deposition was taken on or about November 21, 1932, and the witness died on or about December 20, 1932. The Court of Appeals held that the plaintiff was not entitled to an order suppressing the deposition.
The Practice Commentary to CPLR 3116 states that ‘ ‘ the most appropriate situations in which the officer should sign in lieu of the deponent is where the deponent has since died or, though *293 alive, has become physically or mentally incapable of signing the deposition or understanding its contents. The same would be true where the deponent has disappeared or is at such place as makes it impracticable to secure his signing (McKinneys’ Cons. Laws of N. Y., Book 7B, CPLR 3116, p. 476).”
It is therefore, the opinion of this court, that the deposition of Herbert Doetsch, Sr. should be and hereby is received into evidence.
According to the testimony that Mr. Doetsch, Sr. gave at the examination before trial, he did not recall much about asking that a survey of the area be made, or that the various deeds to his grantees contained numerous restrictions. He did say, however, that he had intended that some nice homes be built on the land; although he had no intentions of there being a development in the area.
Mr. Doetsch, Sr. said.that he had no intention of restricting the land away from the highway, since he would have built the houses himself. He further stated that he never talked about restrictions with his grantees and that no one ever asked him about restrictions. He claimed the restrictions were automatically placed on the deeds by the attorney who drew them.
The plaintiffs have offered testimony of grantees of Mr. Doetsch, Sr. The defendants have objected to this testimony, citing CPLR 4519 which provides in part: ‘1 Upon the trial of an action or the hearing upon the merits of a special proceeding, a party or a person interested in the event, or a person from, through or under whom such a party or interested person derives his interest or title by assignment or otherwise, shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest against the executor, administrator or survivor of a deceased person or the committee of a lunatic, or a person deriving his title or interest from, through, or under a deceased person or lunatic, by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person or lunatic, except where the executor, administrator, survivor, committee or person so deriving title or interest is examined in his own behalf, or the testimony of the lunatic or deceased person is given in evidence, concerning the same transaction or communication. ’ ’
A deposition not signed by a witness, if authenticated by the officer before whom it was taken, may be used as fully as though signed (CPLR 3116, subd. [a]). At the triaLof a matter, any *294 part or all of the deposition of any person may be used by any party for any purpose, if the witness is dead (GPLB 3117, subd. [a], par. 3).
Since the deposition of Herbert Doetsch, Sr. has been received into evidence, this court holds that this is testimony of the deceased person given in evidence, within the meaning of the exception to the general rule of GPLB 4519, so as to permit grantees of Herbert Doetsch, Sr. to testify concerning transactions involving the subject properties.
Mr. Everts, one of the grantees, and a plaintiff, testified that prior to purchasing a lot from Mr. Doetsch, Sr. in 1960, Mr. Doetsch, Jr. told him that his father was going to place restrictions on all the property shown on the map. He further testified that just prior to receiving a deed to his property, Mr. Doetsch, Sr. assured him that all the property would be sold subject to the same restrictions in Mr. Everts’ deed. Mr. Doetsch, Sr. repeated this statement again on another occasion. In 1967, when Mr. Everts was considering buying another lot from Mr. Doetsch, Sr., he again repeated that the lots would be sold subject to the restrictions.
Mr. Waldon, who purchased two lots from Mr. Doetsch, Sr., testified that he assured him that all lots sold from his parcel of land would contain the restrictions.
Prom the testimony given upon the trial of this matter, it is clear that Herbert Doetsch, Jr. and Doris Doetsch had notice and knowledge that Herbert Doetsch had made oral promises to the various grantees that all the property would be subject to the restrictions contained in the various deeds.
The court is of the opinion that Herbert Doetsch, Sr. made oral promises to a number of grantees that all the property would be subject to the restrictions contained in the various deeds, and that Herbert Doetsch, Jr. and Doris Doetsch took title to the remaining lands of the grantor with actual notice and knowledge of the promises. Accordingly, on this ground also, the restrictive covenants in the deeds to the various grantees should be imposed and binding upon the remaining lands of the grantor, now owned by Herbert Doetsch, Jr. and Doris Doetsch.
The defendants should be permanently enjoined and restrained from doing any act prohibited by the restrictive covenants affecting the subject property.